UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GUY PATRICK BISHOP, )<br>                            )<br>        Petitioner, )<br>  vs. )<br>                            )<br>COMMISSIONER OF THE INDIANA )<br> DEPARTMENT OF CORRECTIONS, )<br>                            )<br>       Respondent. ) | No. 1:06-cv-562-SEB-VSS |

**E N T R Y**

This is an action for habeas corpus relief in which the petitioner, a state prisoner, challenges the validity of the parole obligation he anticipates upon his release from custody of the Indiana Department of Correction.

**I.**

The petitioner's petition for a writ of habeas corpus and his motion for injunctive relief seeks to terminate the state of Indiana's claim to continued custody over the petitioner in the form of parole with respect to a state prosecution in Noble County, Indiana.

Before considering the merits of a petition for *habeas corpus*, a federal court must ensure that the petitioner has exhausted his state remedies. *See Howard v. O'Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999) (citing 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel,*119 S. Ct. 1728, 1732 (1999); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997)). Specifically, 28 U.S.C. § 2254(b)(1) provides that:

> [a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exists that render such process ineffective to protect the rights of the applicant.

It is apparent from the petitioner's petition and motion that the petitioner has not attempted to exhaust any state remedies. However, because he alleges in substance that his state sentence will have expired, he has a meaningful state court remedy through an action for post-conviction relief.

The petitioner's failure to exhaust his state remedies bars consideration of his petition. 28 U.S.C. § 2254(b)(1).

## II.

Because it is plain from the face of his petition that the petitioner is not entitled to the relief he seeks at this time and in this forum, the action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts.* The dismissal shall be without prejudice. The petitioner's motion for injunctive relief is **denied as moot.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/11/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana